# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

John P.,
Petitioner Below, Petitioner

vs) No. 16-0602 (Tucker County 14-D-16)

Sarah H.,
Respondent Below, Respondent

**FILED**

**September 5, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner John P., by counsel Alexandria A. Solomon, appeals the Circuit Court of Tucker County's May 23, 2016, order denying his petition for appeal from the Family Court of Tucker County.[1] Respondent Sarah H., by counsel David W. Hart, filed a response. On appeal, petitioner alleges that the circuit court erred in denying his petition for an appeal and to correct omissions in the record pursuant to Rule 29 of the West Virginia Rules of Practice and Procedure for Family Court.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In April of 1998, the parties were married in Bledsoe County, Tennessee. The parties had one child together, born on March 7, 2003. Thereafter, the parties and their minor child moved to Tucker County, West Virginia. The parties separated in November of 2013 while living in Tucker County.

In May of 2014, petitioner filed a petition for divorce in the Family Court of Tucker County, on the ground of irreconcilable differences. Respondent filed a notice of bona fide

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

defense on June 2, 2014, and a response to the divorce petition. Petitioner filed an amended petition for divorce on June 23, 2014.

In August of 2014, the family court held a temporary hearing wherein respondent was named the primary caregiver for the child. The family court also set petitioner's child support obligation, established a parenting plan, and ordered that petitioner pay the full amount of the mortgage on the marital home. Therefore, petitioner was awarded his separate business property. Petitioner thereafter filed a motion to modify the parenting plan and the family court's order regarding petitioner's obligation to pay the full amount of the mortgage. In September of 2014, the family court held a hearing on petitioner's motions and heard evidence regarding the financial rulings. By order, the family court denied petitioner's motion regarding the mortgage on the marital home but reserved the parenting time issues for a later hearing.

Following a series of final hearings and telephonic conferences, the family court entered a final divorce order on May 21, 2015. The final ordered increased petitioner's child support obligation, modified parts of the parties' parenting plan, and ordered that petitioner pay $6,800 of respondent's attorney's fees. Petitioner was also ordered to pay $2,237.59 to release his business collateral from the mortgage loan on the marital home. Petitioner filed a motion for reconsideration of the final divorce order and a request for clarification of the holiday parenting schedule on June 18, 2015. The family court, by order entered on September 9, 2015, clarified the parenting schedule and denied his motion for reconsideration.

In October of 2015, petitioner filed a petition for appeal in the circuit court. Respondent filed a response. Petitioner then filed a supplement to his petition for appeal and respondent filed a response opposing petitioner's supplement to the appeal. The circuit court ruled that ten of the grounds for relief in petitioner's appeal were not timely filed and that he failed to file a written motion asserting good cause for an extension, as required by Rule 32 of the Rules of Practice and Procedure for Family Court. The circuit court determined that the issue of petitioner's equitable distribution award of business property items held as collateral to secure the mortgage on the residence was "timely filed and ripe for consideration." Ultimately the circuit court denied petitioner's appeal regarding the family court's equitable distribution by order entered on May 23, 2016. Based on the evidence presented, the circuit court found "no clear error or abuse of discretion" by the family court. It is from this order that petitioner appeals.

We have previously established the relevant standard of review:

> In reviewing a final order entered by a circuit court judge upon a review of, or upon a refusal to review, a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*.

Syl., *Carr v. Hancock*, 216 W.Va. 474, 607 S.E.2d 803 (2004). Upon our review, we find the circuit court did not err is denying petitioner's appeal.

Petitioner first argues that the circuit court erred by not remanding his motion for reconsideration to the family court for proper consideration on the merits and to correct omissions in the record pursuant to Rule 29 of the West Virginia Rules of Practice and Procedure for Family Court. We disagree.

Pursuant to Rule 28(a) of the Rules of Practice and Procedure for Family Court, "[a] party aggrieved by a final order of a family court may file a petition for appeal to the circuit court no later than thirty days after the family court final order was entered in the circuit clerk's office." It is undisputed that petitioner failed to appeal the final divorce decree to the circuit court within thirty days, as the family court's final order was entered on May 21, 2015, and his appeal was not filed until October of 2015. While Rule 28(a) goes on to state that "[i]f a motion for reconsideration has been filed within the time period to file an appeal, the time period for filing an appeal is suspended during the pendency of the motion for reconsideration," the record shows that petitioner filed his motion for reconsideration with the family court in October of 2015, well outside the time frame for appeal of the May of 2015 final divorce decree. As such, the appeal period was never suspended and petitioner failed to timely appeal the final divorce decree.

The issues raised in petitioner's appeal involve the family court's rulings on property and financial allocations, the awards of child and spousal support, and the award of attorney's fees. These assignments of error are clearly related to the family court's May 21, 2015, final divorce decree that petitioner failed to appeal. As for petitioner's claim that the family court failed to correct omissions in the record, the record indicates that petitioner did not submit his 2014 tax return until he filed his motion for reconsideration, well after the entry of the final divorce decree. For these reasons, petitioner is not entitled to appeal the rulings contained in the final divorce order.

With regard to petitioner's argument that the circuit court erred by denying, in-part, his petition for appeal, we find no error. The only issue that fell within the boundaries of the reconsideration statute, West Virginia Code § 51-2A-10, was petitioner's contention that all assets of value granted to him are currently held as collateral on the mortgage of the marital home. Petitioner argues here, as he did below, that "he cannot afford to pay this sum, which was improperly assigned to him as a business debt." In its May 21, 2015, order, the circuit court found that the record supported the family court's finding that petitioner's business expenses were the cause of the added principle on the mortgage loan and that petitioner borrowed against the mortgage loan to offset business losses during the marriage. It is clear from the record on appeal that the family court made specific rulings regarding petitioner's business debt and found it appropriate in light of the principles of equitable distribution to assign petitioner the principle amount of $2,237.59 as a business debt.[2] Petitioner's claim that he cannot afford to pay this sum

---

[2]"Equitable distribution . . . is a three-step process. The first step is to classify the parties' property as marital or nonmarital. The second step is to value the marital assets. The third step is to divide the marital estate between the parties in accordance with the principles contained in [West Virginia Code § 48-7-103]." Syl. Pt. 1, in part, *Whiting v. Whiting,* 183 W.Va. 451, 396 S.E.2d 413 (1990).

of money to retrieve his separate property held as collateral does not amount to error by the family court.

For the foregoing reasons, the circuit court's May 23, 2016, order denying petitioner's petition for appeal is hereby affirmed.

Affirmed.

**ISSUED**:  September 5, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker